**Brett L. Foster, 6089**
bfoster@hollandhart.com
**Mark A. Miller, 9563**
mmiller@hollandhart.com
HOLLAND & HART LLP
60 East South Temple, Suite 2000
Salt Lake City, Utah 84111-1031
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

*Attorneys for Plaintiff*
Sonic Innovations, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **SONIC INNOVATIONS, INC.**, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**E. MISHAN & SONS, INC.**, a New York corporation and **BHH, LLC**, a New York limited liability company,<br><br>Defendant. | **AMENDED COMPLAINT**<br><br>Civil Case No. 2:08-cv-870-TC<br><br>Judge Tena Campbell |

Plaintiff Sonic Innovations, Inc. presents the following Amended Complaint against Defendants E. Mishan & Sons, Inc. and BHH, LLC.

### INTRODUCTION

1. This is an action for trademark infringement, false designation of origin, unfair competition and related claims against Defendants based on their unauthorized and unlawful use of Plaintiff's SONIC mark. Plaintiff brings this action under the Federal Lanham Act, the Utah

Deceptive Trade Practices Act and common law to enjoin Defendants' unlawful conduct and for other relief as set forth in this Amended Complaint.

## **JURISDICTION AND VENUE**

2.     This is an action for trademark infringement and unfair competition under the Lanham Act (a.k.a. Trademark Act of 1946, 15 U.S.C. § 1051-1127, as amended), common law trademark infringement, and unfair competition claims.

3.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. 1338(a) (trademarks), and 15 U.S.C. § 1121 (trademarks).  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because those claims arise from a common nucleus of operative facts alleged in Plaintiff's federal claims.

4.     This Court has personal jurisdiction over Defendants because they have transacted business in this District, the actions giving rise to this lawsuit have occurred in this District, and Defendants have caused damages to Plaintiff in this District.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because there is personal jurisdiction over Defendants, and because a substantial part of Defendants' acts and omissions giving rise to Plaintiff's claims occurred in this District.

## **THE PARTIES**

6.     Plaintiff is a Delaware corporation having its principal place of business in Salt Lake City, Utah.

7. Plaintiff is informed and believes and thereon alleges that Defendant E. Mishan & Sons, Inc. is a New York corporation having its principal place of business in New York City, New York.

8. Plaintiff is informed and believes and thereon alleges that Defendant BHH, LLC is a New York limited liability company having its principal place of business in New York City, New York.

## GENERAL ALLEGATIONS

### I. PLAINTIFF'S MARKS

9. Plaintiff manufactures and sells hearing aids and hearing aid accessories and has continuously provided these high quality goods and related services using the SONIC mark since at least September 28, 1998. Plaintiff's goods and services are offered to the public by various means throughout the United States.

10. Plaintiff's efforts and accomplishments have contributed to its extraordinary reputation and goodwill, making Plaintiff a well-known and recognized name in its field throughout the United States.

11. Plaintiff's enviable reputation and philosophy of providing the public with the highest quality goods and services has made it a leader in its field.

12. Plaintiff is the owner of all right to title and interest in the "SONIC INNOVATIONS" and "SONIC" marks and enforces all rights in connection therewith (sometimes referred to as "Plaintiff's Marks").

13. Plaintiff's goods and services have been widely advertised and extensively promoted under the Plaintiff's Marks, and Plaintiff's Marks have become, through widespread

and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its exceedingly high quality goods and services, and its goodwill.

14. Plaintiff enjoys remarkable success and an enviable reputation in its field due in large part to its use of, and rights in, Plaintiff's Marks.

15. Plaintiff has made great expenditures and sacrifices to achieve the success it now enjoys. As a result of Plaintiff's favorable reputation and considerable investment in and promotion of its goodwill, Plaintiff's Marks have become synonymous with Plaintiff and its high quality goods and services.

16. Plaintiff enforces its rights herein under Plaintiff's Marks in order to ensure Plaintiff's continued success and excellent reputation.

17. Plaintiff's Marks have been extensively and continuously advertised and promoted to the public by Plaintiff through various means and modes including but not limited to, over the internet, at trade shows, telephonically, through distributors or dealers, and in person, and Plaintiff has created an internet website to enable prospective customers to learn about Plaintiff's goods and services. By reason of such advertising and promotion, Plaintiff has provided quality goods and services to many customers.

18. By reason of Plaintiff's advertising and promotion under Plaintiff's Marks, the public has come to recognize Plaintiff's goods and services as solely emanating from Plaintiff.

19. In recognition of Plaintiff's exclusive right to use the SONIC INNOVATIONS mark, the United States Patent and Trademark Office has granted it protection by a federal registration (U.S. TM Reg. No. 2,446,742), a copy of which is attached as Exhibit A. Sonic also enjoys common law trademark rights in the SONIC mark in connection with hearing aids and

related products and services. As a result of long and extensive use, Plaintiff's Marks have become well-known and highly respected in the hearing aid industry as distinctive symbols of hearing aid products and services of the highest quality. Plaintiff's Marks are extremely valuable assets of the company.

## II.     DEFENDANTS' INFRINGING CONDUCT

20. Defendants have recently begun promoting a hearing aid device called the "Silver Sonic XL." Defendants advertise that the device can provide "SONIC hearing" and regularly uses the SONIC mark in connection with selling its Silver Sonic XL product. Representative copies of Defendants' infringing advertisements are attached as Exhibit B. The foregoing infringing marks used by Defendants are collectively referred to as the "Infringing Mark" below.

21. Defendants' use of the SONIC mark is identical and thus confusingly similar to Plaintiff's Marks.

22. Defendants' use of the Infringing Mark is likely to cause consumer confusion and a false association between Plaintiff's goods and services and the goods and services offered by Defendants, falsely leading consumers to believe that the products emanate from the same source or that Plaintiff and Defendants are affiliated.

23. On information and belief, such diversion has resulted in, and will continue to result in, substantial and irreparable harm to Plaintiff, and to consumers in this District.

24. This offering to the public of information, goods, services and/or activities by Defendants under the Infringing Mark has been and is, without permission or authority of Plaintiff and without any legitimate license to the Infringing Mark.

25. The Infringing Mark has been used by Defendants and offered to the public utilizing this District as a forum for its infringing activities with knowledge of the source of the Infringing Mark and of the fact that the Infringing Mark is not genuine nor authorized by Plaintiff.

26. Defendants have engaged in the transaction of business and activities and the commission of tortious acts in the state of Utah, and is subject to the jurisdiction of this Court.

27. By using the Infringing Mark and offering goods and services for sale under the Infringing Mark, including but not limited to the promotion of goods and services by Defendants in using certain design imagery which is nearly identical and confusingly similar to that used by Plaintiff, Defendants have misrepresented and falsely described to the general public the origin and source of Defendants' activities, goods and/or services so as to deceive the public and deliberately create a likelihood of confusion, cause mistake, or deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods or services, or commercial activities by the ultimate purchaser as to both the source and sponsorship of Defendants' goods and services.

28. Upon information and belief, Defendants' activities, goods and services offered under the Infringing Mark are or may be inferior in quality to the goods and services authorized to be provided by Plaintiff, and therefore has, does, and will continue to damage the goodwill Plaintiff has developed in connection with offering legitimate, authorized goods and services under Plaintiff's Marks.

29. Defendants, upon information and belief, with full knowledge of the notoriety of Plaintiff's Marks intended to, and did, trade on the goodwill associated with Plaintiff's Marks,

and has misled and will continue to confuse and mislead the public into assuming a connection between Plaintiff and Defendants by Defendants' offer to the public of its goods and services under the Infringing Mark.

30. On information and belief, the use by Defendants of the Infringing Mark constitutes a knowing and willful use of a false designation of origin and a false description or representation that wrongly and falsely designates Defendants' goods and services offered to the public by Defendants as originating from, or connected with, Plaintiff, and constitutes utilizing false descriptions or representation in commerce.

31. The imitation, reproduction, and other unauthorized use of the Infringing Mark causes irreparable injury to Plaintiff, including injury to its business reputation.

32. Defendants' use of the Infringing Mark has, does, and is likely to permit Defendants to pass off its goods and services as those of Plaintiff, all to the detriment of Plaintiff, and to the unjust enrichment of Defendants.

33. Defendants' use of the Infringing Mark has caused, currently causes, and is likely to continue to cause, damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its goods and/or services. Defendants have further passed off their goods and/or services in interstate commerce, as those of Plaintiff by their activities and many continuing misrepresentations to the consuming public, members of which are likely to, and do, believe that Defendants' activities and related goods and/or services emanate from or are associated with Plaintiff.

34. Defendants' unlawful activity results in irreparable harm and injury to Plaintiff. Among other harms, it:

      a.    Deprives Plaintiff of its absolute right to determine the manner in which its goods and/or services are presented to the general public;

      b.    Deceives the public as to the origin and sponsorship of such goods and/or services.

      c.    Wrongfully trades upon and cashes in on Plaintiff's reputation and exclusive rights in its trademarks; and

      d.    To the extent Defendants' goods and/or services are or may be of inferior quality or unauthorized for sale or distribution, irreparably harms and injures Plaintiff's reputation.

35.    Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's rights.

36.    Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest, and attorneys' fees and costs it has sustained and will sustain and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff.

## CAUSES OF ACTION

### COUNT I
### (TRADEMARK INFRINGEMENT UNDER § 43(a)(1)(A) OF THE LANHAM ACT)

37.    Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

38.    Defendants have used in commerce words, terms and names that are likely to cause confusion, or to cause mistake or to deceive, as to whether Defendants are affiliated,

connected, or associated with Plaintiff and/or as to whether Plaintiff originated, sponsored or approved of Defendants' activities.

39. By so acting, Defendants have violated § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

40. Plaintiff has been and will continue to be damaged by such wrongful actions.

41. Because Defendants' actions, on information and belief, were intentional, willful and/or deliberate, Plaintiff is entitled to an award of treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

42. This is an exceptional case, and thus Plaintiff is entitled to an award of attorneys' fees under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

43. By reason of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendants.

## COUNT II
### (TRADEMARK INFRINGEMENT UNDER § 32 OF THE LANHAM ACT)

44. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

45. Plaintiff possesses a valid registration issued by the USPTO for the SONIC INNOVATIONS mark. A copy of the registration is attached as Exhibit A.

46. Defendants' actions as described above, including Defendants' unauthorized use of the SONIC mark to promote its product is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, or as to the origin, sponsorship or approval of Defendants' services and products by Plaintiff. Defendants' conduct constitutes trademark infringement in violation of § 32 of the Lanham Act (15 U.S.C. § 1114).

47.     Defendants' trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of Plaintiff's registered mark, as well as damages and irreparable injury to Plaintiff's business, goodwill, and reputation. Plaintiff has no adequate remedy at law because damages are continuing and difficult to ascertain. On information and belief, Defendants' continued use of Plaintiff's registered mark is deliberate, willful, fraudulent, and constitutes a knowing infringement of Plaintiff's Marks, and makes this case exceptional.

48.     By virtue of the foregoing, Plaintiff is entitled to an award of treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

49.     By virtue of the foregoing, Plaintiff is entitled to an award of attorneys' fees under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

50.     By virtue of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendants.

### COUNT III
### (COMMON LAW TRADEMARK INFRINGEMENT)

51.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

52.     Plaintiff's Marks are distinctive and have acquired secondary meaning.

53.     Defendants' actions, as alleged above, infringe Plaintiff's common law trademark rights under federal common law, Utah common law, and constitute acts of unfair competition.

54.     By reason of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendants.

55.     The infringing activities of Defendants, on information and belief, are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT IV
### (UTAH DECEPTIVE TRADE PRACTICES – U.C.A. § 13-11A-3)

56. Plaintiff realleges and incorporates by this reference all of the foregoing paragraphs.

57. By using the Infringing Mark, Defendants have passed off its goods as those of Plaintiff.

58. On information and belief, Defendants knowingly made a false representation as to the source, sponsorship, approval, or certification of goods by its use of the Infringing Mark with knowledge of Plaintiff's Marks.

59. On information and belief, Defendants knowingly made a false representation as to affiliation, connection, association with, or certification by another, by its use of the Infringing Mark with knowledge of Plaintiff's Marks.

60. The foregoing misconduct of Defendants constitutes deceptive trade practices under Utah Code Annotated § 13-11A-3.

61. Plaintiff is entitled to recover damages to fairly and reasonably compensate it for Defendants' tortious conduct.

62. Plaintiff is entitled to prevent, restrain and enjoin Defendants from current and future uses of Plaintiff's Marks.

63. Plaintiff is entitled to an award of its attorneys' fees for being required to file and prosecute this action.

64. Plaintiff has no adequate remedy at law, has suffered and is continuing to suffer irreparable harm as a result of Defendants' acts, and therefore is entitled to preliminary and permanent injunctive relief to enjoin Defendants from further misconduct.

## COUNT V
### (UNJUST ENRICHMENT)

65. Plaintiff realleges and incorporates by this reference all of the foregoing paragraphs.

66. Defendants have benefited from the improper, unfair, and unauthorized use of Plaintiff's exclusive trademark rights and goodwill attendant thereto, as alleged above.

67. Defendants have knowledge and fully appreciate the benefits they have received from Plaintiff as a result of such actions.

68. Defendants would be unjustly enriched if they were permitted to retain the proceeds obtained from such actions.

69. Equity and good conscience dictate that Defendants be required to account for and turn over to Plaintiff an amount equal to the value of the benefits conferred upon them.

## COUNT VI
### (CONSTRUCTIVE TRUST)

70. Plaintiff realleges and incorporates by this reference all of the foregoing paragraphs.

71. Plaintiff is entitled to the profits that Defendants have derived from its wrongful acts as alleged above.

72. Plaintiff is informed, believes, and thereon alleges that Defendants own and possesses tangible real and personal property and assets, including but not limited to, bank savings, and other financial accounts, consisting of profits obtained by Defendants' wrongful acts. Defendants will continue to accumulate such assets until their wrongful conduct is enjoined.

73. It would be inequitable for Defendants to be allowed to retain such tangible real and personal property and assets as against Plaintiff.

74. Plaintiff, therefore, seeks establishment of a constructive trust consisting of the profits from or obtained by Defendants' wrongful acts, to be held for the benefit of Plaintiff.

## JURY DEMAND

Plaintiff demands that all claims and causes of action raised in this Amended Complaint against Defendants be tried to a jury to the fullest extent possible under the United States and Utah Constitutions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Preliminarily and permanently enjoining Defendants, and all other persons participating or acting in concert with them, from infringing any of Plaintiff's rights in Plaintiff's Marks.

B. Preliminarily and permanently enjoining Defendants, and all other persons participating or acting in concert with them, from using any marks similar to Plaintiff's Marks that are likely to cause confusion or mistake as to whether Defendants are authorized by or affiliated with Plaintiff and as to whether Defendants' goods have been authorized or sponsored by Plaintiff;

C. Preliminarily and permanently enjoining Defendants, and all other persons participating or acting in concert with them, from engaging in unfair competition;

  D. Preliminarily and permanently enjoining Defendants, and all other persons acting in concert with them, from making a false representation as to the source, sponsorship, approval, or certification of goods by its use of the Infringing Mark.

  E. Preliminarily and permanently enjoining Defendants, and all other persons acting in concert with them, from making a false representation as to affiliation, connection, association with, or certification by another, by its use of the Infringing Mark.

  F. An order of the Court directing Defendants to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' possession, custody, or control and which bear the Infringing Mark or any confusingly similar variant, and an order from the Court compelling Defendants to notify their direct customers, agents, and representatives that the Infringing Mark or any confusingly similar variant is not connected with Plaintiff.

  G. An order from the Court directing Defendants to provide an accounting of all revenues and profits gained by Defendants while engaging in the acts complained of in this Amended Complaint.

  H. Awarding Plaintiff its actual damages, and awarding Plaintiff any additional damages that the Court deems just and equitable under the circumstances of the case;

  I. Awarding Plaintiff treble damages in accordance with § 35 of the Lanham Act (15 U.S.C. § 1117) on the claim asserted under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a);

  J. Establishment of a constructive trust consisting of profits from or obtained by Defendants' wrongful acts, to be held for the benefit of Plaintiff;

K.	Awarding Plaintiff damages to which it is entitled based upon Defendants' unjust enrichment.

L.	Awarding Plaintiff prejudgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of the Amended Complaint through the date of judgment;

M.	Awarding Plaintiff its allowable costs and attorneys' fees; and

N.	Awarding Plaintiff such other and/or further relief as is just and equitable.

Dated this 4th day of December, 2008.

HOLLAND & HART, LLP

/s/ Brett L. Foster
Brett L. Foster
Mark A. Miller

*Attorneys for Plaintiff*
Sonic Innovations, Inc.

Plaintiff's Address:
2795 E. Cottonwood Parkway, Suite 660
Salt Lake City, Utah  84121-7036

15

4396755_1.DOC